EXECUTION COPY

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,

   Plaintiff,

    v.

UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY,

   Defendants.

Civil Action No. 121-cv-_____

---

PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York,

   Plaintiff,

    v.

UNITEDHEALTH GROUP INCORPORATED, UNITED BEHAVIORAL HEALTH, UNITEDHEALTHCARE INSURANCE COMPANY, OXFORD HEALTH INSURANCE, INC., OXFORD HEALTH PLANS, LLC, OXFORD HEALTH PLANS (NY), INC., UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, and UNITEDHEALTHCARE OF NEW YORK, INC.,

   Defendants.

Civil Action No. 121-cv-_____

---

## STIPULATION OF SETTLEMENT

**THIS STIPULATION OF SETTLEMENT** ("Stipulation"), dated as of August 11, 2021, is made and entered into by and between (1) UnitedHealth Group Incorporated, United Behavioral Health, UnitedHealthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc. ("United"), (2) Martin J. Walsh, Secretary of Labor,

1

United States Department of Labor (the "Secretary"), and (3) New York Attorney General Letitia James (the "NYAG").

WHEREAS, the Secretary has brought an action in the United States District Court for the Eastern District of New York ("DOL Action") against United Behavioral Health and UnitedHealthcare Insurance Company, under the Employee Retirement Income Security Act of 1974 ("ERISA"), sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), captioned *Walsh v. United Behavioral Health et al.*, Case No. 21-cv-___ (case number pending). The Secretary alleges that the defendants violated Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") and breached their fiduciary duties to members of ERISA-covered plans in violation of ERISA in connection with the use of their ALERT Program, as defined below;

WHEREAS, the NYAG has brought an action in the United States District Court for the Eastern District of New York ("NYAG Action") against UnitedHealth Group Incorporated, United Behavioral Health, UnitedHealthcare Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc., under Article 49 of the New York Insurance Law, Article 49 of the New York Public Health Law, the New York and federal behavioral health parity laws (N.Y. Insurance Law §§ 3221(l)(5) & 4303(g), 42 U.S.C. § 300gg-26, and 45 C.F.R. § 146.136), New York Executive Law § 63(12), and New York General Business Law ("GBL") § 349, captioned *James v. UnitedHealth Group Incorporated* 21-cv-___ (case number pending) (E.D.N.Y.). The NYAG alleges that the defendants violated New York law by applying the ALERT Program to health insurance plans governed by New York law;

WHEREAS, United has represented to the Secretary and NYAG that it has modified its practices with respect to its use of the ALERT Program[1] and no longer issues adverse benefit determinations or claim denials with relation to the ALERT algorithms;

---

[1] Unless otherwise stated, all capitalized terms are defined in Section 1 of this Stipulation.

WHEREAS, United has shared information with the Secretary and NYAG, through formal and informal discovery, including the exchange of information about the number of individuals impacted by the use of the ALERT Program;

WHEREAS, the Parties' arm's-length discussions culminated in the settlement embodied in this Stipulation (the "Settlement"), pursuant to which the Parties agree to settle claims and issues between them as described in this Stipulation;

WHEREAS, by entering into this Settlement, the Parties eliminate the risk of protracted litigation without any finding of liability and prior to the adjudication or determination of any issue of fact; and

WHEREAS, the Parties stipulate and agree to settle on the terms and conditions hereafter set forth and stipulate and agree that this Stipulation constitutes a full and complete resolution of the claims and issues raised in the Complaints, whether based on federal, state, or any other law, without trial or adjudication of any issue of fact or law, except as set forth in Paragraph 3.1(b) below. The Parties agree that this Stipulation shall not be admissible as evidence in any proceeding (other than a proceeding to enforce the terms of this Stipulation), including, without limitation, litigation, arbitration, or administrative proceedings, for any purpose whatsoever.

## TERMS AND AGREEMENT OF SETTLEMENT

**NOW, THEREFORE**, in consideration of the mutual covenants and payment set forth herein and other valuable and sufficient consideration, the adequacy of which is hereby acknowledged, the Parties agree as follows:

**1.     Definitions**

As used in this Stipulation, capitalized terms and phrases not otherwise defined have the meanings specified below. In the event of any inconsistency between any definitions set forth below and any definitions set forth in any other document related to the Settlement, the definitions set forth below shall control.

1.1    "Administrative Costs" means the costs needed to administer the ALERT Common Funds, including the reasonable expenses of the Settlement Administrator.

1.2    "Administrative Costs Account" means an account of the Administrative Costs controlled by the Settlement Administrator.

1.3    "Affiliated Entities" means (i) any direct or indirect parents, subsidiaries, or affiliates of United; (ii) any employees, agents, officers, or directors of United or their direct or indirect parents, subsidiaries, or affiliates (all natural persons in the definition of Affiliated Entities are collectively referred to as "Affiliated Individuals"); (iii) any corporations in which any such Affiliated Individual is a shareholder in excess of 5%, employee, officer, or director; (iv) any partnerships or any other unincorporated forms of business, or limited liability companies, in which United, or direct or indirect parents, subsidiaries, or affiliates of United or Affiliated Individual owns an interest in excess of 5%: (v) any employee health benefits plans in which any Eligible Member participates or participated; (vi) any fiduciary, recordkeeper, settlement administrator, or plan administrator of such employee health benefits plans; (vii) any trusts of which any Affiliated Entity is a grantor, trustee, or beneficiary; and (viii) any independent review organization that reviewed any claims for benefits or requests for coverage for United for any Eligible Member. "Affiliated Entities" also means any corporations, business entities, partnerships, or other unincorporated forms of business, or limited liability companies, that are controlled directly or indirectly by United or Affiliated Individuals, or that are directly or indirectly under "common control" with United

4

or Affiliated Individuals as that term is defined under ERISA Section 4001(a)(14)(B), 29 U.S.C. § 1301(a)(14)(B).

1.4    "ALERT" means United Behavioral Health's Algorithms for Effective Reporting and Treatment.

1.5    "ALERT Program" means a program that applies ALERT algorithms to claims data to identify clinical risk, utilization, and outliers for outpatient treatment. Prior to June 3, 2019, the ALERT Program included issuance of adverse benefit determinations and claim denials when an algorithm triggered a need for utilization review if, after the clinical review, it was determined by United that treatment at the level and frequency provided by health care providers was not medically necessary. In some cases, United issued adverse benefit determinations and claim denials related to ALERT after June 3, 2019. In those cases where United issued adverse benefit determinations and/or claim denials related to ALERT after June 3, 2019, United has either already reprocessed the claims, as reflected on a spreadsheet provided to the NYAG on July 8, 2021, titled "2021-07-08 – ALERT Reprocessed Claims Detail," or those claims are included in the claims subject to payment through the ALERT Common Funds.

1.6    "ALERT Common Funds" means the following funds collectively:

    (a)    "DOL ALERT Common Fund" means a Settlement payment of two million five hundred thousand dollars ($2,500,000) into a common fund for the benefit of the Self-Insured Eligible Members, funded by United and held by the Settlement Administrator for purposes of making payments pursuant to and effectuating this Stipulation. Any amounts distributed to Self-

Insured Eligible Members will be considered benefits payments for the claims at issue, and no benefits will be paid through the DOL ALERT Common Fund if the claims at issue are paid through some other process.

(b)  "NYAG ALERT Common Fund" means a Settlement payment of one million one hundred thousand dollars ($1,100,000) into a common fund for the benefit of the New York Fully-Insured ERISA and Non-ERISA Eligible Members, funded by United and held by the Settlement Administrator for purposes of making payments pursuant to and effectuating this Stipulation. Any amounts distributed to New York Fully-Insured ERISA and Non-ERISA Eligible Members will be considered benefits payments for the claims at issue, and no benefits will be paid through the NYAG ALERT Common Fund if the claims at issue are paid through some other process. If any claims have already been paid by United, and United provides proof of any such payments to NYAG, such claims shall not be paid through the NYAG ALERT Common Fund. The NYAG ALERT Common Fund does not include, and no offset shall be made against, the claims that United identified on the spreadsheet provided to the NYAG on July 8, 2021, titled "2021-07-08 – ALERT Reprocessed Claims Detail."

1.7  "Complaints" means, collectively, the DOL Complaint and the NYAG Complaint.

1.8  "Court" means the United States District Court for the Eastern District of New York.

1.9     "DOL Complaint" means the Complaint filed by the DOL, captioned *Walsh v. United Behavioral Health et al.*, 21-cv-___ (case number pending) (E.D.N.Y.).

1.10    "Effective Date," or the date upon which the Settlement embodied in this Stipulation becomes effective, means the date on which the Parties have executed this Stipulation.

1.11    "Eligible Members" means the following members collectively:

    (a)     "New York Fully-Insured ERISA and Non-ERISA Eligible Members", who are current and former members of fully-insured ERISA plans and non-ERISA commercial plans (*e.g.*, state and local government employee benefit plans, individual enrollees, and church plans) administered by United Behavioral Health, which members listed addresses in New York and received an ALERT Program adverse benefit determination prior to June 3, 2019 and a subsequent denied claim for payment that may have been the result of the ALERT Program, as specifically identified on a spreadsheet, provided to the NYAG and the Secretary on July 8, 2021, titled "2021-07-08 – Common Fund". United has provided documentation allowing the Secretary and NYAG to verify the accuracy of United's calculations of Eligible Members and claim amounts set forth in its correspondence.

    (b)     "Self-Insured Eligible Members", who are current and former members of self-insured ERISA plans administered by United Behavioral Health who received an ALERT Program adverse benefit determination prior to June 3, 2019 and a subsequent denied claim for payment that may have been the

7

result of the ALERT Program, as specifically identified on a spreadsheet, provided to the NYAG and the Secretary on July 8, 2021, titled "2021-07-08 – Common Fund".

(c)     The individuals who are Eligible Members will be identified in the Eligible Members Claims Data.

1.12    "Eligible Members Claims Data" means a spreadsheet that, after ordered by the Court, will be provided to the Settlement Administrator that lists, for each Eligible Member, at least the following fields: (a) name of the Eligible Member; (b) last known address of the Eligible Member; (c) member ID; (d) account name; (e) the claim number for the claim to which the ALERT Program applied; (f) claim date of service; (g) peer review date; (h) peer review outcome; (i) algorithm used; (j) the billed amount(s) for claims to which the ALERT Program applied; and (k) whether the service was in-network or out-of-network.

1.13    "NYAG Complaint" means the Complaint filed by the NYAG, captioned *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-___ (case number pending) (E.D.N.Y.).

1.14    "Party" and "Parties" means, individually and collectively, United, the NYAG, and the Secretary.

1.15    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated organization, and any other type of legal entity, and their spouses, heirs, successors, predecessors, representatives, or assigns.

1.16    "Released Claims" includes all claims released as part of this Settlement.

1.17 "Settlement" means the settlement to be consummated under this Stipulation of Settlement.

1.18 "Settlement Administrator" means an entity agreed to by the Parties to perform the Settlement administration duties described in this Stipulation.

1.19 "Settling Actions" means individually and collectively:

(a) *Walsh v. United Behavioral Health et al.*, 21-cv-___ (case number pending) (E.D.N.Y.).

(b) *James v. UnitedHealth Group Incorporated et al.*, Case No. 21-cv-___ (case number pending) (E.D.N.Y.)

1.20 "Settlement Amount" is the ALERT Common Funds payment funded by United and established, maintained, and held by the Settlement Administrator, for purposes of making payments pursuant to and effectuating this Stipulation. The Parties agree that once the Settlement Amount is transferred to the Settlement Administrator it shall be considered a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code of 1986, as amended and Treas. Reg. §1.468B-1, 26 C.F.R. § 1.468B-1, *et seq.*, and will be administered by the Settlement Administrator as such.

## 2. Operative Terms of Settlement

2.1 The ALERT Common Funds shall be overseen by a Settlement Administrator to perform the settlement administration duties described in this Settlement. The Settlement Administrator shall have discretion to distribute funds from the ALERT Common Funds to Eligible Members according to a plan of allocation provided by the Secretary and NYAG.

9

EXECUTION COPY

2.2     The reasonable expenses of the Settlement Administrator, including the costs of outreach to Eligible Members, will be paid by United separate and apart from the ALERT Common Funds.  United may review and/or audit the expenses and costs charged by the Settlement Administrator.  United may request interim and/or final reports showing distributions to each Eligible Member from the ALERT Common Funds.  The Settlement Administrator will provide to the Secretary, NYAG, and United a written proposal for settlement administration services that will include a budget, provision of interim and/or final reports showing distributions to each Eligible Member from the ALERT Common Funds, and a mechanism for addressing expenses in excess of the budget.  Neither the ALERT Common Funds, Eligible Members, the Secretary, nor NYAG will have any responsibility for expenses of the Settlement Administrator.

2.3     Except as necessary to implement the terms of the Settlement, obligations under federal and state law, and any Court orders, the Parties and the Settlement Administrator will keep confidential all personally identifiable information of Eligible Members and comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which includes information that can be used on its own or combined with other information to identify, contact, or locate an individual, or to identify an individual in context.

2.4     Within thirty (30) days after the Effective Date, United will pay $20,000 for initial Administrative Costs into the Administrative Costs Account.  The Parties will cooperate to execute an appropriate escrow agreement for the Administrative Costs Account within fifteen (15) days of the Effective Date.  The payment of $20,000

reflects an estimate of initial administration-related costs. The Settlement Administrator will invoice United on a monthly basis for additional costs under the budget that has been provided.

2.5   Within ten (10) days after both DOL and NYAG have filed their Complaints, the Parties shall file a joint motion and seek a court order substantially in the form of Exhibit A to this Stipulation directing United to disclose the "Eligible Members Claims Data" to the Settlement Administrator pursuant to 45 C.F.R. § 164.512(e).

2.6   Within forty-five (45) days after the Effective Date, United will pay the Settlement Amount into an account administered by the Settlement Administrator. The Settlement Amount will be distributed to the Eligible Members through the ALERT Common Funds in accordance with this Settlement.

2.7   Within ten (10) days after United pays the Settlement Amount pursuant to Section 2.6, the Secretary and the NYAG shall file a notice of dismissal of the counts relating to the ALERT Program in the Settling Actions with prejudice.

2.8   United shall have no liability or responsibility for any payments, fees, or costs under the Settlement aside from the Settlement Amount, Administrative Costs, and Penalties described in this Stipulation. Each of the Parties shall bear his, her or its own costs, expenses, and fees (including expert fees and attorneys' fees) in connection with the Settling Actions and any investigation incident thereto.

2.9   No portion of the Settlement Amount will revert to United.

2.10   The ALERT Common Funds shall be overseen by the same Settlement Administrator used for the Tiered Reimbursement Common Fund, as set forth in a separate Stipulation of Settlement between the Parties, filed contemporaneously

with this Stipulation. The Settlement Administrator shall have discretion to distribute funds from the ALERT Common Funds to the Eligible Members according to this Settlement.  United shall play no role in, and will have no liability for, the administration of the Settlement or in determining the sufficiency of claims or the amounts of claims under the Settlement.

2.11   The Settlement Administrator will maintain a complete and accurate record of all payments made to Eligible Members, which shall be subject to examination by United, the Secretary, or NYAG on reasonable notice.

2.12   United agrees not to challenge any determinations made by the Settlement Administrator of claims for payments from the ALERT Common Funds to Eligible Members.

2.13   No Eligible Member shall have any claim against the Parties, Settlement Administrator, Parties' counsel, or United Affiliated Entities based upon any distribution made substantially in accordance with this Settlement.  This shall not serve as a release of any member's claim that arose prior to this Settlement.

2.14   In addition to the payment of the Settlement Amount, United agrees as follows: United, for itself and through any delegate, will not issue clinical adverse benefit determinations or claim denials as part of the use of the ALERT Program for members of United self-funded ERISA plans.  This Settlement does not prohibit United from, or condone United in, establishing a different concurrent review program for outpatient services that may result in adverse benefit determinations or claim denials, which may be subject to ERISA and MHPAEA where applicable.

2.15   For members of United fully-insured ERISA and non-ERISA commercial plans (*e.g.*, state and local government employee benefit plans, individual enrollees, church plans) whose listed addresses are in New York:

    (a)   United, for itself and through any delegate, will not issue clinical adverse benefit determinations or claim denials as part of the use of the ALERT Program.

    (b)   United will not conduct outreach to providers or members for utilization management purposes as part of the use of the ALERT Program. United, for itself and through any delegate, may, however, continue to use the ALERT Program, including using wellness assessments, for various clinical and practice management reasons including, but not limited to, care coordination, disease management, claims billing and payment monitoring, benefit administration, and/or to identify and review potential instances of fraud, waste, or abuse by a member or provider.

    (c)   United shall not tell or otherwise suggest to members or providers that ALERT Program reviews may result in an adverse benefit determination, or that members' coverage is at risk as part of an ALERT Program review.

    (d)   This Settlement does not prohibit United from, or condone United in, establishing a different concurrent review program for outpatient services that may result in adverse benefit determinations and/or outreach to providers or members for utilization management purposes for members of United fully-insured ERISA and non-ERISA commercial plans (*e.g.*, state and local government employee benefit plans, individual enrollees,

church plans) whose listed addresses are in New York, subject to the following conditions. If United seeks to establish a different concurrent review program for outpatient services for utilization review purposes for members of United fully-insured ERISA and non-ERISA commercial plans (*e.g.*, state and local government employee benefit plans, individual enrollees, church plans) whose listed addressed are in New York, it shall provide notice and description of such policy to the NYAG. The NYAG will advise United if it has any objection to such policy, and NYAG may thereafter pursue all available remedies regarding such policy, including, but not limited to, initiating litigation. United may not implement such policy until January 1, 2023 or later.

2.16 Within thirty (30) days after the Effective Date, United shall publish a prominent corrective disclosure for at least one year on its public websites stating: "ALERT no longer results in partial or full denials for coverage or payment." In addition, with each check sent to an Eligible Member, the Settlement Administrator will include a communication stating: "ALERT no longer results in partial or full denials for coverage or payment."

2.17 If the NYAG or the Secretary contend that there has been a violation of the provisions of the terms regarding prospective relief, he/she/it will provide written notice to United, and to its counsel, with a description of the violation. In such event, the Parties will meet, in person or by such means as are mutually agreeable, to confer in good faith, so that United can investigate the issue and, if necessary, promptly work to address or remediate the issue.

2.18    Upon proof of payment of the Settlement Amount by United, the Secretary will close EBSA investigation No. 30-105635(48), which resulted in the Secretary's voluntary compliance letter dated April 22, 2019. The Secretary will promptly issue a letter to United indicating that it has closed this investigation and proceeding.

2.19    United will post on its public facing website notice of the NYAG's Complaint and the Settlement, as set forth in a separate Stipulation of Settlement between the Parties, filed contemporaneously with this Stipulation.

## 3.    Releases

3.1    Upon the Effective Date:

   (a)    The Secretary releases all claims that it brought or could have brought against United and its Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the DOL Complaint.

   (b)    NYAG releases all claims that it brought or could have brought against United and its Affiliated Entities related to the facts alleged in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary and/or the NYAG Complaint, except for claims relating to a reinstitution by United of a concurrent review program for outpatient behavioral health services for utilization management purposes.

   (c)    United releases any claims, including those arising out of the Equal Access to Justice Act, that it may have against the Secretary relating to the

15

investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary.

(d)   United releases any claims that it may have against NYAG relating to its investigation of the claims described in the April 22, 2019 Voluntary Compliance Letter issued by the Secretary.

3.2   The Parties reserve the right to bring an action to enforce the terms of the Settlement.

## 4.   Penalties

4.1   Upon the payment set forth in paragraph 1.6(a), United shall be and hereby is assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l) (the "502(l) Penalty"). The Secretary has agreed to compromise and reduce the amount of the 502(l) Penalty and hereby does and will accept, as full satisfaction of the assessed 502(l) Penalty, the amount of three hundred seventy-five thousand dollars ($375,000). United hereby waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waives all legal rights to appeal, contest, or seek a further reduction of the 502(l) Penalty.

Within forty-five (45) days after the Effective Date, United shall pay the 502(l) Penalty by sending a certified or cashier's check to:

### Standard (Regular U.S. Mail) Remittance Address:

ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

or

### Express Mail or Commercial Overnight Delivery Address:

U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

The certified or cashier's check for the 502(l) Penalty shall be made payable to the United States Department of Labor and must reference EBSA Case No. 30-105635(48). United will provide notice to the Secretary of this payment.

4.2    Within forty-five (45) days after the Effective Date, United shall pay six hundred fifty thousand dollars ($650,000) as a civil penalty relating to the ALERT Program for alleged violations of Article 49 of the New York Insurance Law, Article 49 of the New York Public Health Law, the New York and federal behavioral health parity laws (N.Y. Insurance Law §§ 3221(l)(5) & 4303(g), 42 U.S.C. § 300gg-26, and 45 C.F.R. § 146.136), New York Executive Law § 63(12), and New York General Business Law ("GBL") § 349.

## 5.    Disclosures

5.1    United will ensure that it discloses all non-quantitative treatment limitations (NQTLs) as defined under MHPAEA, including but not limited to ALERT and the reduction of eligible or allowed amounts for services provided by out-of-network psychologists or masters level counselors/social workers, in a manner consistent with ERISA. The Secretary will provide input as desired. United shall provide sample documentation allowing the Secretary to understand United's current disclosures. This Section does not change the enforcement processes or remedies available under applicable law.

EXECUTION COPY

**6.     Miscellaneous Provisions**

6.1     The Parties represent and warrant that they have been represented by, and have consulted with, the counsel of their choice regarding the provisions, obligations, rights, risks, and legal effects of this Stipulation and have been given the opportunity to review independently this Stipulation with such legal counsel and agree to the particular language of the provisions herein.

6.2     Neither this Stipulation nor any document referred to herein nor any action taken to carry out this Stipulation is intended to be construed as either a finding by the Court or an admission or denial of fault, liability or wrongdoing. There has been no final determination by any court as to the merits of the claims asserted by the Secretary and NYAG against United.

6.3     The Parties agree to cooperate to the extent necessary to effectuate all terms and conditions of this Stipulation.

6.4     The Parties agree that they will use the Eligible Members Claims Data for Settlement purposes only (*i.e.*, effectuating, supporting, and carrying out the terms of the Settlement) and will comply with HIPAA in their use of the Eligible Members Claims Data.

6.5     Documents produced by United and correspondence between United and the Secretary and/or NYAG marked confidential will retain such confidential designation for purposes of the federal Freedom of Information Act ("FOIA") and/or the New York Freedom of Information Law ("FOIL"), as applicable. Upon receiving a request for disclosure of such documents, whether by FOIA or FOIL

request, subpoena, or other process, if the Secretary and/or NYAG deem such documents to be not confidential and subject to disclosure under applicable law, the Secretary and/or NYAG will provide United with notice and an opportunity to object to disclosure of such documents, unless otherwise ordered by a court of competent jurisdiction.

6.6     Each Party represents that (i) such Party has full legal right, power, and authority to enter into and perform this Stipulation; (ii) the execution and delivery of this Stipulation by such Party and the consummation by such Party of the transactions contemplated by this Stipulation have been duly authorized by such Party; (iii) this Stipulation constitutes a valid, binding, and enforceable agreement; and (iv) no consent or approval of any Person or entity is necessary for such Party to enter into this Stipulation.

6.7     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

6.8     This Stipulation may be amended or modified only by written instrument signed by authorized representatives of all Parties or their successors in interest.

6.9     This Stipulation is not binding on, nor enforceable by, any governmental agency other than the Secretary and the Office of the New York Attorney General, except to the extent provided by law.

6.10    All of the terms of this Stipulation shall be governed by and interpreted according to the laws of the State of New York, without reference to its conflict of law provisions, except to the extent the federal law of the United States requires that

federal law governs, in which case federal law applicable in the U.S. District Court for the Eastern District of New York shall control.

6.11    This Stipulation constitutes the entire agreement between Parties. This Stipulation supersedes any prior agreements or understandings, whether written or oral, between and among the Parties regarding the Settling Actions or the Settlement.

6.12    Except as expressly provided for in this Stipulation, each Party will bear its own costs and fees.

6.13    Counsel for all Parties have participated in the preparation of this Stipulation. This Stipulation was subject to revision and modification by all Parties and has been accepted and approved as to its final form by counsel for each of the Parties. Accordingly, any uncertainty or ambiguity that may exist in this Stipulation shall not be interpreted against any Party as a result of the manner of the preparation of this Stipulation.

6.14    The headings used herein are only for ease of reference and do not modify the terms set forth in the numbered paragraphs of this Stipulation.

6.15    This Stipulation may be executed in one or more counterparts. All executed counterparts, taken together, shall constitute a single, enforceable instrument.

6.16    Notices required or permitted by this Stipulation shall be submitted by overnight mail, electronic mail, or in person as follows:

Notices to NYAG and the Secretary

Michael D. Reisman
Assistant Attorney General
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Michael.Reisman@ag.ny.gov

EXECUTION COPY

Thomas Licetti, Regional Director
U.S. Department of Labor
Employee Benefits Security Administration
201 Varick Street
Room 746
New York, NY 10014
Licetti.Thomas@dol.gov

Notices to United and United's Counsel

Chris Zaetta
Chief Legal Officer
Optum, Inc.
11000 Optum Circle
Eden Prairie, MN 55344

Christopher Flynn
Michael W. Lieberman
Jennifer S. Romano
Crowell & Moring LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004

REST OF PAGE INTENTIONALLY LEFT BLANK

EXECUTION COPY

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized attorneys, as of the day and year first set forth above.

**SIGNED AND AGREED:**
**FOR UNITED**

By: _____
   Signature

Print Name: Chris Zaetta

Title: Chief Legal Officer, Optum, Inc.

Date: AUGUST 11- 2021

**FOR THE ATTORNEY GENERAL OF**
**THE STATE OF NEW YORK**
**LETITIA JAMES**

By _____
   Signature

Print Name: Michael Reisman

Title: Assistant Attorney General

Date: August 11, 2021

**FOR THE SECRETARY OF LABOR**

By: _____
   Signature

Print Name: Michael R. Hartman

Title: Counsel for ERISA

Date:

22

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MARTIN J. WALSH, Secretary of Labor, United
States Department of Labor,

        Plaintiff,

        v.

UNITED BEHAVIORAL HEALTH and
UNITEDHEALTHCARE INSURANCE COMPANY.,

        Defendants.

Civil Action No. 121-cv-_____

---

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General
of the State of New York,

        Plaintiff,

        v.

UNITEDHEALTH GROUP INCORPORATED.,
UNITED BEHAVIORAL HEALTH,
UNITEDHEALTHCARE INSURANCE COMPANY,
OXFORD HEALTH INSURANCE, INC., OXFORD
HEALTH PLANS, LLC, OXFORD HEALTH PLANS
(NY), INC., UNITEDHEALTHCARE INSURANCE
COMPANY OF NEW YORK, and
UNITEDHEALTHCARE OF NEW YORK, INC.,

        Defendants.

Civil Action No. 121-cv-_____

**MEMORANDUM OF LAW IN SUPPORT OF**
**JOINT MOTION FOR ORDER TO RELEASE**
**CLAIMS DATA**

---

Pursuant to the requirements of the regulations promulgated under the Health Insurance

Portability and Accountability Act of 1996 ("HIPAA") and pursuant to 45 C.F.R. Section

164.512(e)(1)(i), Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of

Labor (the "Secretary"), Plaintiff New York Attorney General Letitia James (the "NYAG"), and

Defendants UnitedHealth Group Incorporated, United Behavioral Health, United Healthcare

Insurance Company, Oxford Health Plans, LLC, Oxford Health Plans (NY), Inc., Oxford Health

Insurance, Inc., UnitedHealthcare Insurance Company of New York, and UnitedHealthcare of New York, Inc. (collectively "United") (together the "Parties") file this Joint Motion respectfully requesting an order requiring United to disclose the Eligible Members Claims Data to the settlement administrator for purposes of administering the settlement in this case.

### Background

The Secretary brought the above captioned action against United under the Employee Retirement Income Security Act of 1974 ("ERISA"), sections 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5) alleging that United's ALERT Program violated the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA") and their fiduciary duties under ERISA. The NYAG brought a related action against United, similarly alleging that United's ALERT Program violated MHPAEA and New York law.  Effective [insert date] the Parties entered into a Stipulation of Settlement ("Settlement") agreeing to settle the claims and issues between them related to both the Secretary and NYAG Complaints.

### Argument

To effectuate the terms of the Settlement, the Parties agreed to jointly seek a court order directing United to disclose the Eligible Members Claims Data to the settlement administrator. Pursuant to 45 Code of Federal Regulation § 164.512(e)(1)(i), a covered entity such as United may use or disclose protected health information without the written authorization of the individual in response to an order of a court, provided that covered entity discloses only the protected health information expressly authorized by such order.

Under the Settlement, "Eligible Members Claims Data" means a spreadsheet that, after ordered by the Court, will be provided to the settlement administrator that lists, for each Eligible Member, at least the following fields: (a) name of the Eligible Member; (b) last known address of the Eligible Member; (c) member ID; (d) account name; (e) the claim number for the claim to which the ALERT Program applied; (f) claim date of service; (g) peer review date; (h) peer review outcome; (i) algorithm used; (j) the billed amount(s) for claims to which the ALERT

2

Program applied; and (k) whether the service was in-network or out-of-network. This information is necessary to effectuate the terms of the Settlement.

Consistent with the terms of the Settlement, except as necessary to implement the terms of the Settlement, obligations under federal and state law, and any Court orders, United and the settlement administrator will keep confidential all personally identifiable information of Eligible Members and comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

**Conclusion**

For the foregoing reasons, the Parties respectfully request that the Court grant this motion, ordering United to release the Eligible Member Claim Data to the settlement administrator, for purposes of administering the Settlement in this case.

Dated: New York, New York                                    Respectfully submitted,
_____, 2021


By: /s/_____                          By: /s/_____

ROSEMARY ALMONTE                         Christopher Flynn (*pro hac vice*)
Trial Attorney                                          Michael W. Lieberman (*pro hac vice*)
SUZANNE DEMITRIO CAMPBELL               CROWELL & MORING LLP
Senior Trial Attorney                                  1001 Pennsylvania Avenue, NW
                                                      Washington, DC 20004
SEEMA NANDA                                     Tel: (202) 264-2500
Solicitor of Labor                                    Fax: (202) 628-5116
                                                      cflynn@crowell.com
JEFFREY S. ROGOFF                               mlieberman@crowell.com
Regional Solicitor
                                                      Jennifer S. Romano (*pro hac vice*)
U.S. Department of Labor                             CROWELL & MORING LLP
Office of the Regional Solicitor                       515 South Flower Street, 40th Floor
201 Varick Street, Room 983                           Los Angeles, CA 90071
New York, NY 10014                                  Tel: (213) 622-4750
(646) 264-3650                                      Fax: (213) 622-2690
(646) 264-3660 (fax)                                jromano@crowell.com
almonte.rosemary@dol.gov
campbell.suzanne@dol.gov                           Megan F. Beaver (*pro hac vice*)
NY-SOL-ECF@dol.gov                                CROWELL & MORING, LLP

3

**LETITIA JAMES**

**Attorney General of the State of New York**

By: _____

Michael Reisman
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6269
Michael.reisman@ag.ny.gov

*Attorneys for Plaintiff*

3 Embarcadero Center, 26th Floor
San Francisco, CA 94111
Tel: (415) 365-7375

Kelly T. Currie
CROWELL & MORING, LLP
590 Madison Avenue, 20th Floor
New York, NY 10022
Tel: (212) 895-4257
Fax: (212) 223-4134
kcurrie@crowell.com

*Attorneys for Defendant*

4

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | Civil Action No. 121-cv-_____ |
| Plaintiff, | |
| v. | |
| UNITED BEHAVIORAL HEALTH and UNITEDHEALTHCARE INSURANCE COMPANY, | |
| Defendants. | |
| PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York, | Civil Action No. 121-cv-_____ |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER** |
| UNITEDHEALTH GROUP INCORPORATED, UNITED BEHAVIORAL HEALTH, UNITEDHEALTHCARE INSURANCE COMPANY, OXFORD HEALTH INSURANCE, INC., OXFORD HEALTH PLANS. LLC, OXFORD HEALTH PLANS (NY), INC., UNITEDHEALTHCARE INSURANCE COMPANY OF NEW YORK, and UNITEDHEALTHCARE OF NEW YORK, INC., | |
| Defendants. | |

Having considered the papers submitted, and finding good cause thereof, the Court hereby ORDERS as follows:

1

ORDERED that the joint motion to Order Release of Eligible Members Claims Data is GRANTED; and Defendants are expressly and specifically AUTHORIZED and ORDERED to produce the Eligible Members Claims Data to the settlement administrator.

IT IS SO ORDERED.